UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20317-CR-MOORE

MAGISTRATE JUDGE
SIMONTON

18 U.S.C. § 1347
18 U.S.C. § 1957
18 U.S.C. § 2
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

YOEL GUTIERREZ PEREZ,

Defendant.

_____/

FILED by _____ D.C.
APR - 9 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA - MIAMI

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### The Medicare Program

1.  The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare are prescribed by statute and by federal regulations under the auspices of the United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"). Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2.  Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3. Part B of the Medicare Program was a medical insurance program that covered, among other things, certain physician and outpatient services, and other health care benefits, items, and services, including durable medical equipment ("DME"), that were medically necessary and ordered by licensed medical doctors or other qualified health care providers. DME is equipment that is designed for repeated use and for a medical purpose, such as prosthetic limbs, back braces, knee braces, and wheelchairs.

4. For Florida beneficiaries, Medicare Part B's insurance concerning DME and related health care benefits, items, and services, was administered by Palmetto Government Benefits Administrators ("Palmetto GBA") pursuant to a contract with HHS. Among Palmetto GBA's responsibilities, they received, adjudicated, and paid the claims of authorized DME suppliers that were seeking reimbursement for the cost of DME and other health care benefits, items, or services supplied or provided to Medicare beneficiaries.

## Medicare Billing Procedures

5. A DME company that sought to participate in Medicare Part B and bill Medicare for the cost of DME and related benefits, items, and services was required to apply for and receive a "supplier number." The supplier number allowed a DME company to submit bills, known as "claims," to Medicare to obtain reimbursement for the cost of DME and related health care benefits, items, and services that a DME company had supplied to beneficiaries.

6. To receive payment from Medicare, a DME company, using its supplier number, would submit a health insurance claim form, known as a CMS-1500. Medicare permitted DME companies to submit a CMS-1500 electronically or by way of a paper claim form. The CMS-1500 required DME companies to provide certain important information, including: (a) the Medicare beneficiary's name and identification number; (b) the identification number of the

doctor or other qualified health care provider who ordered the health care benefit, item, or service that was the subject of the claim; (c) the health care benefit, item, or service that was provided or supplied to the beneficiary; (d) the billing codes for the benefit, item, or service; and (e) the date upon which the benefit, item, or service was provided or supplied to the beneficiary.

7. Medicare, through Palmetto GBA, generally would pay a substantial portion of the cost of the DME or related health care benefits, items, and services that were medically necessary and ordered by licensed doctors or other licensed, qualified health care providers.

8. Payments under Medicare Part B were often made directly to the DME company rather than to the patient/beneficiary. For this to occur, the beneficiary would assign the right of payment to the DME company or other health care provider. Once such an assignment took place, the DME company would assume the responsibility for submitting claims to, and receiving payments from, Medicare.

9. Under Medicare rules and regulations, DME or other related health care benefits, items or other services, must be medically necessary and ordered by a licensed doctor or other licensed, qualified health care provider in order to be reimbursed by Medicare.

### Best Choose Medical Supplies, Inc.

10. Best Choose Medical Supplies, Inc. (hereinafter "Best Choose") was a Florida corporation incorporated on July 21, 2004, that was located in Miami-Dade County purportedly providing DME to Medicare beneficiaries. Best Choose's place of business was located at 8045 NW 36th Street, Suite 525, Miami, Florida 33166.

### The Defendant

11. On or about June 6, 2006, defendant **YOEL GUTIERREZ PEREZ** became President, Secretary, Treasurer, and Registered Agent of Best Choose.

3

12. On or about June 19, 2006, **YOEL GUTIERREZ PEREZ** was added as a signatory to Best Choose's business checking account, Region's Bank account, XXXXXX6863. He was one of two individuals who had signature authority on this account.

### COUNTS 1-10
### Health Care Fraud
### (18 U.S.C. § 1347)

1. Paragraphs 1 through 12 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From on or about June 6, 2006, and continuing through on or about September 1, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**YOEL GUTIERREZ PEREZ,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Medicare, a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Medicare, that is, the defendant, through Best Choose, caused the submission of false and fraudulent claims to Medicare, seeking reimbursement for the cost of various DME items and services.

### Purpose of the Scheme and Artifice

3. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare; and (c) diverting fraud proceeds for the personal use and benefit of himself and others.

## Manner and Means of the Scheme and Artifice

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among others, the following:

4. On June 6, 2006, **YOEL GUTIERREZ PEREZ** obtained and maintained control of Best Choose by registering as the President, Secretary, Treasurer, and Registered Agent of Best Choose with the State of Florida, Division of Corporations.

5. On June 19, 2006, a business checking account was opened at Regions Bank for Best Choose, and **YOEL GUTIERREZ PEREZ** was a signatory.

6. **YOEL GUTIERREZ PEREZ** caused Best Choose to submit approximately $2,506,349 in Medicare claims for DME-related reimbursement, such claims falsely and fraudulently representing that DME items and services were prescribed by a doctor and/or had been provided to Medicare beneficiaries.

7. As a result of such false and fraudulent claims, **YOEL GUTIERREZ PEREZ** caused Medicare to make payments to Best Choose in the approximate amount of $595,690 to be deposited into Best Choose's corporate bank account, Region's Bank account, XXXXXX6863.

8. **YOEL GUTIERREZ PEREZ** transferred and disbursed, and caused the transfer and disbursement of, monies in Best Choose's corporate bank account. He partially disbursed these monies by way of 19 checks totaling approximately $318,119. The checks were written to 5 different companies.

## Acts in Execution or Attempted Execution of the Scheme and Artifice

9. On or about the dates set forth as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, **YOEL GUTIERREZ PEREZ**, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and

willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program:

| Count | Medicare Beneficiary | Medicare Claim Number | Approximate Date of Claim | Product Code; Item Claimed; Approximate Amount Claimed |
|---|---|---|---|---|
| 1 | A.M. | 06185896695000 | 7/4/2006 | E2402; Neg press wound therapy pump; $2,100 |
| 2 | A.M. | 06203800680000 | 7/22/2006 | E0694; Uvl md cabinet sys 6 ft; $4,998 |
| 3 | O.M. | 06185896696000 | 7/4/2006 | E2402; Neg press wound therapy pump; $2,100 |
| 4 | O.M. | 06203800681000 | 7/22/2006 | E0694; Uvl md cabinet sys 6 ft; $4,998 |
| 5 | L.J. | 06187747026000 | 7/6/2006 | E2402; Neg press wound therapy pump; $2,100 |
| 6 | L.J. | 06200805941000 | 7/19/2006 | E0694; Uvl md cabinet sys 6 ft; $4,998 |
| 7 | M.D. | 06228791171000 | 8/16/2006 | E2402; Neg press wound therapy pump; $2,100 |
| 8 | M.D. | 06228791171000 | 8/16/2006 | A6550; Neg pres wound ther drsg set; $155 |
| 9 | N.C. | 06228791169000 | 8/16/2006 | E2402; Neg press wound therapy pump; $2,100 |
| 10 | N.C. | 06244720056000 | 9/1/2006 | E0694; Uvl md cabinet sys 6 ft; $4,990 |

In violation of Title 18, United States Code, Sections 1347 and 2.

### COUNTS 11-14
### Money Laundering
### (18 U.S.C. § 1957)

On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**YOEL GUTIERREZ PEREZ,**

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, by, through and to a financial institution in criminally derived property greater than $10,000, and such property having been derived from specified unlawful activity.

| Count | Approximate Date of Transaction | Description of Monetary Transaction |
|---|---|---|
| 11 | 7/28/2006 | The payment of approximately $29,860 to Truck Auction Investment Corp from Best Choose's Region's Bank account number xxxxxx6863 via check number 1165 |
| 12 | 7/28/2006 | The payment of approximately $22,380 to AM Group Services Corp from Best Choose's Region's Bank account number xxxxxx6863 via check number 1166 |
| 13 | 8/2/2006 | The payment of approximately $27,345 to DAT Investment Inc from Best Choose's Region's Bank account number xxxxxx6863 via check number 1163 |
| 14 | 8/7/2006 | The payment of approximately $19,680 to Oliver H Corp from Best Choose's Region's Bank account number xxxxxx6863 via check number 1172 |

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Sections 1957 and 2.

### FORFEITURE
### (18 U.S.C. § 982)

1.  The allegations contained in Counts 1-14 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **YOEL GUTIERREZ PEREZ**, has an interest.

2. Upon conviction of any violation of Title 18, United States Code, Section 1347, the defendant, **YOEL GUTIERREZ PEREZ**, shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3. Upon conviction of any violation of Title 18, United States Code, Section 1957, **YOEL GUTIERREZ PEREZ**, shall forfeit to the United States any property, real or personal, involved in such offense or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4. The property which is subject to forfeiture includes, but is not limited to the sum of $595,690 which represents the gross proceeds of the fraud.

5. If the property described above as being subject to forfeiture, as a result of any act or omission of **YOEL GUTIERREZ PEREZ**,

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to or deposited with a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as made applicable through Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of **YOEL GUTIERREZ PEREZ** up to the value of any property described in subparagraphs (a)-(e).

All pursuant to Title 18, United States Code, Section 982(a)(1) and (a)(7) and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

CHRISTOPHER J. HUNTER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

YOEL GUTIERREZ PEREZ,

               Defendant.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

| | | | |
|---|---|---|---|
| X | Miami | ___ | Key West |
| ___ | FTL | ___ | WPB | ___ FTP |

New Defendant(s)        Yes  X    No ___
Number of New Defendants ____
Total number of counts  ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    Yes
   List language and/or dialect    Spanish

4. This case will take    4    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I | 0 to 5 days | X |
   | II | 6 to 10 days | ___ |
   | III | 11 to 20 days | ___ |
   | IV | 21 to 60 days | ___ |
   | V | 61 days and over | ___ |

   (Check only one)

   | | |
   |---|---|
   | Petty | ___ |
   | Minor | ___ |
   | Misdem. | ___ |
   | Felony | X |

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   X No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   X No

                                       _____
                                       Christopher J. Hunter
                                       ASSISTANT UNITED STATES ATTORNEY
                                       District Court No. A5501150

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **YOEL GUTIERREZ PEREZ**

Case No: _____

Count #s: 1-10

Health Care Fraud

Title 18, United States Code, Section 1347

\* Max.Penalty:     Ten (10) years' imprisonment as to each count

Count #s: 11-14

Money Laundering

Title 18, United States Code, Section 1957

\*Max. Penalty:     Ten (10) years' imprisonment as to each count

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.